**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------x
                                         :
LUIS CANEMO,                             :
                                         :
                    Petitioner,          :
                                         : 06 Civ. 2078(BSJ)
          v.                             :
                                         :    **Order**
                                         :
ROBERT J. DENNISON, Chairman             :
of the New York State Division           :
of Parole, and ELLIOT L.                 :
SPITZER, New York State Attorney         :
General,                                 :
                                         :
                    Respondents.         :
----------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/23/10

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

Before the Court are the objections of Habeas
Petitioner Luis Canemo ("Canemo" or "Petitioner") to the
Report and Recommendation ("Report") of Magistrate Judge
Michael H. Dolinger recommending the denial of Canemo's
Petition for a Writ of Habeas Corpus pursuant to § 2254.
For the following reasons, the Court adopts the Report,
overrules Canemo's objections, and DENIES his Habeas
Petition.

**I. Background and Procedural History**

Canemo was convicted of a single count of Criminal
Sale of a Controlled Substance in the Second Degree
following a jury trial in New York Supreme Court, New York
County. (Report at 1.) Upon his conviction, Canemo was

1

sentenced on March 3, 2003 to a term of six years to life. (Id.) The Appellate Division affirmed Canemo's conviction. People v. Canemo, 15 A.D.3d 211, 790 N.Y.S. 2d 431 (1st Dep't 2005).

## A. The Trial

During Canemo's trial, Detective Ray Hernandez ("Hernandez") testified that he observed Canemo and his co-defendant, Santo Rojas ("Rojas"), engage in a hand-to-hand sale of 151 pills of the hallucinogen Ecstasy. (Trial Tr. ("Tr.") at 152-156.) Detective Hernandez testified that he and his partner arrested the two buyers, Julio Soto and Florencio Rivera (collectively, "buyers"), and later that day arrested Canemo and Rojas in the vicinity of Broadway and 141st Street. (Id. at 157-159, 161-164.)

At the tail end of the State's case, over hearsay objections made by defendants' counsel, the trial judge read to the jury a plea allocution undertaken jointly before another judge by the two buyers. (Trial Tr. ("Tr.") at 245-248.) The allocution, as read, involved an admission by both men that they had been in possession of a quantity of a hallucinogen on the date in question at the location of 141st Street and Broadway. (Id.) It did not refer, however, to the identity of the sellers. (Id.)

At the conclusion of the trial, the jury convicted both defendants on the single charge in the indictment. (Id. at 330-33.) On March 3, 2003, Justice Wetzel sentenced Canemo, as a predicate felon, to a prison term of six years to life. (Sentencing Tr. 10.)

## B. The Appeal

Canemo, along with his co-defendant Rojas, appealed his conviction to the Appellate Division, First Department. (Dannelly Decl. Ex. A.) In doing so he pressed his current Confrontation Clause claim that the admission of the plea allocution of the two buyers was inconsistent with the holding of the United States Supreme Court in Crawford v. Washington, 541 U.S. 36 (2004). He also argued that the evidence identifying him as one of the sellers was insufficient to constitute proof beyond a reasonable doubt, that the trial judge had erred in allowing the principal police witness to testify as an expert regarding street sales of narcotics, and that the dismissal of a sitting juror had interfered with his right to a voice in the selection of the jury. (Id. Ex. A at 26-28, 33-43). The State opposed all of these arguments, and, specifically with regard to the Confrontation Clause claim, it argued that the claim had not been preserved and that in

3

any event the admission of the allocution of the buyers was
harmless. (Id. Ex. B at 25-56.)

On February 8, 2005, the Appellate Division
unanimously affirmed the convictions of both defendants.
People v. Rojas, 15 A.D.3d 211, 790 N.Y.S.2d 431 (1st Dep't
2005). Insofar as is pertinent to the current petition, the
panel held that the defendants "did not preserve a
constitutional objection to the admission of the plea
allocutions of the two purchasers . . . ." 15 A.D.3d at
212, 790 N.Y.S.2d at 433. It further observed that even if
the claim had been preserved and the evidentiary ruling had
violated the rights of the defendants, the result would not
change because the error was harmless since "the plea
allocutions added little or nothing to the already
overwhelming evidence against both defendants, and there is
no reasonable possibility that the error affected the
verdict." Id.

Petitioner next sought leave to appeal from this
affirmance to the New York Court of Appeals. (Dannelly
Decl. Exs. D, E). The Court of Appeals denied his leave
application on March 31, 2005. People v. Canemo, 4 N.Y.3d
828, 796 N.Y.S.2d 584 (2005).

On March 16, 2006, Canemo filed a petition seeking a
writ of habeas corpus challenging his judgment of

conviction. In seeking relief, Canemo presses one claim:
that the introduction at his trial of the plea allocution
by the two buyers in the narcotics sale at issue violated
his rights under the Confrontation Clause, as interpreted
in Crawford. Respondents argue that (1) the petition has
been mooted by Canemo's post-filing removal from the United
States, (2) that his single claim is procedurally barred,
and (3) that in any event it is meritless because the
trial-court ruling was harmless error.

On October 23, 2008, Magistrate Judge Dolinger issued
a thorough Report and Recommendation recommending the
denial of Canemo's Petition. Judge Dolinger found that
Canemo's Crawford claim was procedurally barred and that,
in any event, the error was indeed harmless. That Report
describes the procedural history and additional facts in
detail, familiarity with which is presumed.

## II. Discussion

### a. Standard of Review

This Court reviews de novo any portions of a
Magistrate Judge's Report and Recommendation to which
Petitioner has stated an objection. 28 U.S.C. § 636
(b)(1)(C). The Court adopts portions of a Report and
Recommendation to which a party has not specifically
objected unless they are clearly erroneous. See Fed. R.

Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140 (1985); Green v.
WCI Holding Corp., 965 F. Supp. 509, 513 (S.D.N.Y. 1997).

### b. Canemo's Objections

Canemo raises two specific objections to Magistrate
Judge Dolinger's Report, contending that (1) his
constitutional claim under Crawford is not procedurally
barred; and (2) any error arising from the Crawford
violation was not harmless. Magistrate Judge Dolinger
rejected both these arguments. This Court agrees that
Canemo's arguments are without merit.

### i. First Objection

Canemo's first objection is that his Confrontation
Clause claim is not procedurally barred. Magistrate Judge
Dolinger concluded that Canemo's claim is barred because
the Appellate Division's reliance on his failure to assert
a constitutional claim at trial constituted an
"independent" and "adequate" ground for rejecting the
Confrontation Clause claim under New York state law.
(Report at 26.) The Court agrees.

The basic procedural requirement at stake is the so-
called contemporaneous-objection rule embodied in N.Y.
Crim. Proc. Law § 470.05(2), which allows for preservation
of a claim if a party makes a specific protest at a time
when the trial court has an effective opportunity to

correct an error. That rule has long been recognized as a settled and legitimate requirement under New York law. See, e.g., Garcia v. Lewis, 188 F.3d 71, 79-82.

In his habeas petition, Canemo argues that he complied with this rule by (1) voicing to the trial judge, prior to voir dire, a desire to have the buyers testify, and (2) by joining in an objection by his co-defendant to the admission of the plea colloquy on the ground that it was hearsay. Magistrate Judge Dolinger found these arguments without merit for several reasons.

First, Magistrate Judge Dolinger concluded that at the time when Canemo made his statement to the trial judge prior to voir dire, the question of whether the buyers' pleas would be admitted had not even been raised. (Report at 21.) Magistrate Judge Dolinger pointed out that Canemo's colloquy with the trial court simply devolved into a discussion as to whether either side was going to call the buyers as witnesses and never referred to the possible admissibility of their pleas, a question that had not yet been presented to the trial judge. (Id.)

In his objections to the Report, Canemo concedes that his initial statement occurred before any discussion of the admissibility of the plea allocutions, but contends that he preserved his claim by alerting the court of his

7

constitutional concern. (Pet.'s Objs. to the Magistrate's
Report and Recommendation ("Pet.'s Objs.") at 2-3.) Canemo
argues that the lack of connection to the admissibility
issue is material only to how artfully the issue was
preserved, not to whether it was brought to the court's
attention in a timely fashion. (Id. at 3.) After a close
examination of the trial transcript, the Court agrees with
Magistrate Judge Dolinger that Canemo's statement concerned
only whether the buyers would be called as witnesses and
never referred to the possible admissibility of the buyers'
pleas — an issue not before the court at the time.

     Next, Canemo argues that his attorney preserved his
constitutional claim by objecting to the admission of the
plea allocutions when the issue arose later at trial.
Magistrate Judge Dolinger concluded that although Canemo's
counsel made a short statement during the argument made by
counsel for Canemo's co-defendant about the plea
allocutions, he did not explicitly assert any objections,
and under New York law, such passivity does not preserve an
individual defendant's objection. (Id.); See, e.g., People
v. Cabassa, 79 N.Y.2d 722, 730, 586 N.Y.S.2d 234, 237
(1992)(finding no preservation of a claim of jury charge
error when "although [defendant] joined in some of [co-
defendant's] objections to evidence and his requests and

8

exceptions to the charge, he did not join in [co-defendant's] requests to charge or his exception to the court's failure to charge" and thus the "only logical inference from the absence of a specific request from [defendant] and his failure to join [co-defendant's] two requests...is that for tactical reasons he took a different position").

Even if the Court were to agree with Petitioner that his attorney's comment was part of an objection to the introduction of the plea allocutions made by co-defendant's counsel, the objection was made on hearsay grounds, and not based on the Confrontation Clause. The argument articulated by the attorney for Canemo's co-defendant was that the two buyers, by virtue of their guilty pleas, were not "unavailable" (Tr. 79-83), a requirement for application of the hearsay exception for statements against penal interest. (Id.) Counsel for Canemo's co-defendant never mentioned the notion – reflected in the Crawford argument now pursued by Canemo – that the allocution was testimonial in nature and that therefore its use should be precluded regardless of whether the buyers were unavailable unless the defendant had had a prior opportunity to cross-examine the out-of-court witness. See, e.g. Crawford, 541 U.S. at 53-54; United States v. Riggi, 541 F.3d 94, 102 (2d Cir.

2008). In fact, there was no mention of the Confrontation
Clause at all. (Report at 23.)

In his objections to the Report, Canemo argues that as
a matter of law, a hearsay objection suffices to preserve a
Confrontation Clause claim. (Pet.'s Objs. 4-6.) In support
of his position, Canemo cites People v. McBean, 32 A.D.3d
549, 551-552, n.1, (3rd Dept. 2006), which held in a
footnote that an objection to evidence "on hearsay grounds
rather than [as] a Sixth Amendment violation" was
sufficient to adequately preserve a Crawford argument,
since Crawford had not been decided at the time of trial.
However, New York courts have overwhelmingly and explicitly
held that invocation of a hearsay objection is insufficient
to preserve a Confrontation Clause objection. See, e.g.,
People v. Taylor, 29 A.D.3d 450, 450, 815 N.Y.S.2d 90, 91
(1st Dep't 2006); People v. Purdie, 27 A.D.3d 668, 668, 810
N.Y.S.2d 685, 685 (2d Dep't 2006); People v. Lopez, 25
A.D.3d 385, 386, 808 N.Y.S.2d 648, 649 (1st Dep't 2006);
People v. Cato, 22 A.D.3d 863, 863, 802 N.Y.S.2d 753, 754
(2d Dep't 2005; People v. Marino, 21 A.D.3d 430, 431, 800
NYS2d 439 (3rd Dep't 2005); People v. Bones, 17 A.D.3d 689,
690, 793 NYS2d 545 (3rd Dep't 2005); see also People v.
Kello, 96 N.Y.2d 740, 743-44, 723 N.Y.S.2d 111, 113 (2001).

Further, Federal law is clear that "a hearsay objection, by itself, does not automatically preserve a Confrontation Clause claim." United States v. Dukagjini, 326 F.3d 45, 60 (2d Cir. 2002); see also United States v. Hardwick, 523 F.3d 94, 98 (2d Cir. 2008)(preservation occurs when defense counsel's objection puts the "trial court on notice that Confrontation Clause concerns [are] implicated"). In light of the great weight of New York and federal case law, this Court is satisfied that defense counsel's objection to the admission of the plea allocutions, based upon hearsay grounds, was not sufficient to preserve Canemo's Confrontation Clause claim for appellate review.

In sum, the Court agrees with Magistrate Judge Dolinger's conclusion that the Appellate Division's ruling that Canemo failed to preserve his Crawford objection was based on an adequate, as well as an independent, ground. Accordingly, absent either a showing of cause for his failure to object and actual prejudice or a demonstration that failure to consider the claim would constitute a fundamental miscarriage of justice, see Coleman, 501 U.S. at 570, the Court is barred from addressing its merits. Petitioner does not attempt to satisfy either test, but merely states that there was "both cause and prejudice"

which should prevent the finding of a procedural bar.
(Pet.'s Objs. at 6.) The Court finds this to be
insufficient and, hence, the claim is barred from habeas
review.

### ii. Second Objection

Canemo also objects to Magistrate Judge Dolinger's
conclusion that the constitutional error in this case was
harmless. As stated in the Report, Magistrate Judge
Dolinger concluded that even if Canemo's claim was not
procedurally barred, the ultimate result would not change
as the trial court's Crawford error was harmless. (Report
at 26.) Having reviewed the record as a whole, the Court
agrees with Magistrate Judge Dolinger.

There is no dispute that under Crawford the admission
of the pleas was a constitutional error. (Report at 26,
citing Riggi, 541 F.3d at 102; United States v. McClain,
377 F.3d 219, 221-22 (2d Cir. 2004). Such errors are
subject, however, to harmless-error review. See, e.g.,
United States v. Lombardozzi, 491 F.3d 61, 76 (2d Cir.
2007); McClain, 377 F.3d at 222; Henry v. Speckard, 22 F.3d
1209, 1215 (2d Cir. 1994). A constitutional error is
harmless when "it appears beyond a reasonable doubt that
the error complained of did not contribute to the verdict
obtained." See Mitchell v. Esparza, 540 U.S. 12, 17-18

(2003) (applying Chapman v. California, 386 U.S. 18

(1967)). The analysis requires consideration of "(1) the

overall strength of the prosecution's case; (2) the

prosecutor's conduct with respect to improperly admitted

testimony; (3) the importance of wrongly admitted

testimony; and (4) whether such evidence was cumulative of

other properly admitted evidence." Lombardozzi, 491 F.3d at

76 (2d Cir. 2007)(quoting Zappulla v. New York, 391 F.3d

462, 468 (2d Cir. 2004)).

On February 8, 2005, the Appellate Division held that

the error was "harmless beyond a reasonable doubt" since

"the plea allocutions added little or nothing to the

already overwhelming evidence against both defendants, and

there is no reasonable possibility that the error affected

the verdict." 15 A.D.3d at 212, 790 N.Y.S.2d at 433. As set

forth in the Report, "if the state court itself undertook

the harmless-error analysis, its decision should be

reviewed in a habeas proceeding through the prism afforded

by the limited-review provisions of 28 U.S.C. § 2254(d)."

(Report at 27.) This provision specifies that a state-court

decision on the merits should not be overturned "unless it

rested on a legal conclusion that was contrary to, or an

unreasonable application of, established federal law as

determined by the United States Supreme Court...or relied

on a factual finding that was unreasonable in light of the
record before the state court." (Id.) See, e.g., Gutierrez
v. McGinnis, 389 F.3d 300, 306 (2d Cir. 2004); accord
Howard v. Walker, 406 F.3d 114, 123 (2d Cir. 2005). Having
reviewed the record, the Court finds that the Appellate
Division's conclusion that the error was harmless was not
unreasonable within the meaning of section 2254(d).

At trial, the State was required to prove that there
was a sale of a controlled substance and that Canemo was a
participant in the sale. The evidence with regard to the
existence of the sale, primarily consisting of the
testimony of Detective Hernandez who witnessed the deal
from a close distance, was overwhelming and unrefuted.

However, Canemo contends that without the plea
allocutions there was not enough evidence to prove his
participation in the sale. (Pet.'s Objs. 6-7.) Magistrate
Judge Dolinger concluded that the plea allocutions as read
to the jury, which did not identify the sellers, consisted
only of cumulative evidence that a drug transaction
occurred at the location at issue. (Report at 30-31.)
Since the question of Canemo's role was the only
meaningfully contested question at trial, Magistrate Judge
Dolinger concluded that the admission of the allocutions
did not affect the outcome of the trial. (Id. at 31.)

In his objections to the Report, Canemo argues that
the prosecutor used the plea allocutions during his
summation to argue to the jury. In his summation, the
prosecutor argued:

> Next you know beyond any reasonable doubt – you know
> beyond any doubt let alone reasonable doubt that
> Detective Hernandez remembered accurately the two
> buyers and everything involving their actions during
> the sale. Aside from their own admissions of guilt by
> the two buyers the police recovered the drugs that
> look exactly how Detective Hernandez said they looked,
> packaged exactly how Detective Hernandez said they
> were packaged and exactly where Detective Hernandez
> said they would be found in Soto's jacket pocket. And
> if he got the buyers right there's every reason to
> believe that he got the sellers too.

(Trial Tr. 310:22 - 311:8.)  Thus, Canemo argues that
contrary to Magistrate Judge Dolinger's conclusion, the
evidence was not cumulative, was highly prejudicial, and
that its use was not harmless. (Pet.'s Objs. at 7.) The
Court disagrees.

The prosecutor's argument compares the observations
Hernandez made during the sale as to the packaging of the
drugs and their location in Soto's jacket pocket with the
evidence that the drugs later seized from Soto's jacket
were packaged as Hernandez described and found where he
said they would be located. This evidence was used by the
prosecutor to demonstrate the accuracy of Detective
Hernandez's observations. The admissions of the buyers,

which neither identified the sellers nor provided any
details of the transaction, were not the focus of the
argument and were at most cumulative of this independent
evidence. Given the overall strength of the prosecutor's
case, this Court agrees with Magistrate Judge Dolinger and
the Appellate Division that the error was harmless.

## III. Conclusion

For the foregoing reasons, the Court adopts the Report
and Recommendation of Magistrate Judge Dolinger in its
entirety and DENIES Canemo's Petition for Writ of Habeas
Corpus. Because Canemo has not made a substantial showing
of the denial of a constitutional right, a certificate of
appealability will not issue. 28 U.S.C. § 2253; see United
States v. Perez, 129 F.3d 255, 260 (2d Cir. 1997). Pursuant
to 28 U.S.C. § 1915(a)(3), any appeal taken from this order
would not be taken in good faith.

The Clerk of the Court is directed to close this case.
**SO ORDERED:**

BARBARA S. JONES
UNITED STATES DISTRICT JUDGE

Dated:    New York, New York
          April 23, 2010

16